## ONION HORTON PRODUCTIONS, INC., Mark Kasen and Richard "Onion" Horton, Respondents,

v.

## PLATKE AND BERKOWITZ, L.L.P., Lee Platke and Stuart R. Berkowitz, Appellants.

No. ED 80341.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 8, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 2002.

Application for Transfer Denied Jan. 28, 2003.

Gerard T. Noce, St. Louis, MO, for Appellant.

Joe David Jacobson, Green, Schaaf & Jacobson, Clayton, MO, for Respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### ORDER

PER CURIAM.

Platke and Berkowitz, L.L.P., Lee Platke and Stuart R. Berkowitz (collectively Defendants) appeal from the judgment entered on jury verdicts in favor of Onion Horton Productions, Inc. (Productions), Mark Kasen and Richard "Onion" Horton (collectively Plaintiffs) regarding breaches of fiduciary duty and breach of contract. On appeal, Defendants contend the trial court erred in denying their: (1) motion for judgment notwithstanding the verdict on the breach of fiduciary duty claims because Plaintiffs failed to make a submissible case in that the evidence was insufficient to show the existence of an attorney-client relationship concerning the Emmis transaction; (2) motion for new trial on the breach of fiduciary duty claims because the not in MAI verdict directing instructions submitted to the jury failed to instruct on the required substantive elements of Plaintiffs' claim in that: (a) they failed to define elements which create an attorney-client relationship, (b) they failed to require a finding that an attorney-client relationship existed on the Emmis transaction, (c) they changed Plaintiffs' theory of the case; (3) motion for judgment notwithstanding the verdict on the breach of contract claim because: (a) Plaintiffs should not have been allowed to submit the claim to the jury in that no such claim was contained in the pleadings, (b) Plaintiffs did not make a submissible case in that the evidence was insufficient to show the existence of an enforceable oral contract between the parties; (4) in denying Defendants' motion for new trial on the breach of contract claim because the verdict director submitted to the jury failed to instruct on the required substantive elements or an oral contract in that it did not describe a definite agreement based on recent, definite conversations that was fair and based upon adequate consideration; and (5) in failing to require Plaintiffs to elect their remedies because the verdict directors invited duplicative recoveries in that Plaintiffs sought the same remedy on inconsistent theories.

We have reviewed the record on appeal and the briefs of the parties and find no error of law. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value or jurisprudential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).